IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                  No. Civ. 07-270 LH/LFG

1997 INTERNATIONAL 9000 SEMI TRUCK
VIN: 1HSRUAER8VH409632,

       Defendant,

and

BRIAN A. WILSON and
WENDELL SHABAZZ,

       Claimants.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THIS MATTER came before the Court for trial without a jury on March 29, 2010, on the Plaintiff United States of America's claim for forfeiture in rem. The Court, having heard the evidence presented at trial and considered the proposed findings of fact and conclusions of law submitted by the parties and the relevant law, now makes the following findings of fact and conclusions of law.

**Findings of Fact**

1.    Mr. Shabazz's birth name was Wendell Childs before he legally changed his name to Wendell Shabazz.

2.    Claimant Wendell Shabazz is Brian Wilson's brother. Mr. Wilson's close, familiar relationship with Mr. Shabazz made him a biased witness.

3.     On March 28, 2005, Washington Mutual issued a certified check to William Baker for $5,000.00 from funds drawn from Mr. Shabazz's and Deen Realtors, LLC.'s Washington Mutual checking account.

4.     Mr. Wilson took the check from Mr. Shabazz and gave it, along with $10,000.00 in cash, to William Baker to purchase the Defendant 1997 International 9000 Semi Truck, VIN: 1HSRUAER8VH409632 ("the Semi Truck").

5.     On September 1, 2006, Brian Wilson was driving the Semi Truck in New Mexico, when New Mexico Motor Transportation Division inspectors discovered 32 bundles of marijuana in the Semi Truck and its trailer. On June 7, 2007, Mr. Wilson entered a plea of guilty to possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) in the United States District Court for the District of New Mexico.

6.     Mr. Wilson's testimony in this case, particularly concerning Mr. Shabazz's security interest in the Semi Truck, was not credible.

7.     Mr. Wilson unconvincingly could not remember the name of the person who was paying him to deliver the marijuana.

8.     Mr. Wilson attempted to obscure his true relationship with Mr. Shabazz from the Court. Early in his testimony, Mr. Wilson indicated that Mr. Shabazz was a family friend. Later when asked how he knew Mr. Shabazz, Mr. Wilson replied "through my family." Only when further pressed on how he knew him through his family did Mr. Wilson admit that Mr. Shabazz is his brother and that they share a mother. This attempt to conceal their true relationship was an attempt to make the Court erroneously believe that the Note reflected more of an arm's length transaction than it truly was.

9.     Mr. Wilson testified that he "imagine[d]" that Mr. Shabazz got the money he loaned to him

from selling real estate through Deen Realtors.  Mr. Wilson, however, did not know any details about Deen Realtors.

10. The only proof provided by Claimant of his security interest in the truck is Exhibit C, the Note dated March 28, 2005, signed by "Brian A. Wilson," which purports that Mr. Wilson received $7,500.00 from Claimant that he promised to pay back in 36 monthly installments of $244.97, without interest, commencing on April 1, 2005, and thereafter on the first day of each month.  The Note further states that it is secured by a First Lien on the Semi Truck and that Mr. Wilson shall promptly execute and file a Certificate of Title with the appropriate authorities listing Claimant as First Lien Holder.

11. Brian Wilson did not use a notary public when signing the document.  There is therefore no objective proof to establish that the Note was indeed executed prior to the seizure of the Semi Truck.

12. The Note contains internal inconsistencies indicating it did not create a valid, enforceable agreement between Mr. Shabazz and Mr. Wilson.  The Note states Mr. Shabazz was loaning Mr. Wilson "Seventy Five Thousand Dollars ($7,500.00)" to be "payable without interest."  Despite the fact that the Note says the loan is for "Seventy Five Thousand Dollars," yet the dollar figure given is for only "$7,500.00," Mr. Wilson, aware of the error, ignored it instead of correcting it.  The Note also states the payments would be in the amount of "Two Hundred Dollars and Ninety Seven Cents," but the parenthetical amount immediately after that figure is for "$244.97."  Furthermore, if Mr. Wilson made payments of $244.97 for 36 months, as stated in the Note, Mr. Wilson would ultimately pay Mr. Shabazz $8,818.92, indicating that the loan was to be paid with interest, in contradiction to the Note's express language that it was a loan "payable without interest."  Mr. Wilson could not explain the discrepancy, stating that he never added up the amounts of the purported loan payments.

13.     The Note also states that Mr. Wilson's first payment would commence on April 1, 2005. Mr. Wilson testified, however, that the Note should have said the first payment was in May. This additional error in a key provision of the Note indicates that the Note was not a legitimate agreement.

14.     Mr. Wilson never made any payments on the Note, despite the fact that over 17 months passed from the day the Note was purportedly executed and the day law enforcement seized the Semi Truck and arrested Mr. Wilson.

15.     Mr. Shabazz made no attempts to collect on the Note through legal channels.

16.     For all these reasons, the Note is not reliable evidence that Mr. Shabazz secured a legitimate security interest in the Semi Truck.

17.     Nor is the replacement Georgia Certificate of Title for the Semi Truck issued to Mr. Shabazz reliable evidence that he had a legitimate security interest in the Semi Truck. The State of Georgia did not require Mr. Wilson to provide any proof that Mr. Shabazz had a legitimate security interest in the vehicle when he registered the Semi Truck. Instead, Mr. Wilson simply put Mr. Shabazz's name down on the title application. Although the face of the title lists Wendell Shabazz as having a 1st lien or security interest in the vehicle, the replacement title was issued after the Semi Truck was seized and does not establish that Mr. Shabazz held a legitimate ownership interest in the Semi Truck before the seizure.

18.     Mr. Wilson had a trucking business called BMW Transport, Inc., that is registered at the address 11416 133rd Street, South Ozone Park, New York City.

19.     Mr. Wilson formerly lived at this South Ozone Park address with Mr. Shabazz and his spouse.

20.     Mr. Shabazz is not a bona fide lien holder, nor does he have a valid security interest in the

Semi Truck.

## Conclusions of Law

21.     This Court has jurisdiction over the parties and the subject matter.

22.     This Court, in a Memorandum Opinion and Order dated September 23, 2009 (Doc. 41), concluded that the Government had met its burden of proof that the Semi Truck is subject to forfeiture under 21 U.S.C. § 881(a)(4) .

23.     The burden therefore shifted to Claimant to prove at trial the innocent owner defense by a preponderance of the evidence. 18 U.S.C. § 983(d)(1); *United States v. 16328 South 43rd East Ave.*, 275 F.3d 1281, 1284-85 (10th Cir. 2002) (describing innocent owner defense as an affirmative defense); *United States v. Lot Numbered One (1) of Lavaland Annex*, 256 F.3d 949, 956 (10th Cir. 2001).

24.     To establish the "innocent owner" defense, Claimant had to prove by a preponderance of the evidence that he is an "owner" and that he (1) did not know of the conduct giving rise to the forfeiture, or (2) upon learning of such conduct, did all that reasonably could be expected under the circumstances to terminate such use of the property. 18 U.S.C. § 983(d)(2)(A).[1]

25.     An "owner" is "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest." 18 U.S.C. § 983(d)(6)(A). An "owner" does not include "a nominee who

---

[1] At trial, Claimant appeared to be confused as to his burden to prove that he was both an owner and innocent. The Court, in its Memorandum Opinion and Order (Doc. 41), concluded that the Government had not met its burden on summary judgment of proving that Claimant was not entitled to the innocent owner defense. That conclusion merely meant that the issue of the innocent owner defense would proceed to trial. The Court's Memorandum Opinion and Order therefore did not relieve Claimant of his burden of proving all the elements of the innocent owner defense at trial. (*See* Mem. Op. and Order (Doc. 41) at 12.)

exercises no dominion or control over the property." *Id.* § 983(d)(6)(B)(iii). "Ownership interests are defined by the law of the State in which the interest arose." *United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1013 (8th Cir. 2003). The Georgia Motor Vehicle and Traffic Code defines a "security interest" as "an interest in a vehicle reserved or created by agreement which secures the payment or performance of an obligation. . . ." Ga. Code. Ann. § 40-3-2(13). Under Georgia law, the Motor Vehicle Certificate of Title Act does not provide the exclusive means of proving ownership to motor vehicles. *G.E. Credit Corp. v. Catalina Homes, Inc.*, 342 S.E.2d 734, 736 (Ga. App. 1986).

26.     The totality of the evidence indicates that the execution of the Note was a sham transaction that did not create a valid security interest in the Semi Truck. Claimant thus did not prove by a preponderance of the evidence that he held a legitimate leasehold, lien, mortgage, recorded security interest, valid assignment of an ownership interest, or any other legitimate ownership interest in the Semi Truck. Claimant's interest, if any, was that of a mere nominee who exercised no dominion or control over the Semi Truck. Claimant therefore failed to prove that he is an owner of the Semi Truck within the meaning of 18 U.S.C. § 983(d)(6)(A).

27.     Claimant also failed to prove that he did not know of the conduct giving rise to the forfeiture or that, upon learning of such conduct, he did all that reasonably could be expected under the circumstances to terminate such use of the Semi Truck.

28.     Claimant did not prove by a preponderance of the evidence at trial that he is entitled to the innocent owner defense, as required by 18 U.S.C. § 983(d)(2)(A).

29.     Based on all the foregoing findings of fact and conclusions of law, the Defendant 1997 International 9000 semi truck, VIN: 1HSRUAER8VH409632, is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(4), and all right, title, and interest of Claimant Wendell Shabazz in

the defendant property are forfeited to the United States and title thereto vested in Plaintiff United States.

_____
SENIOR UNITED STATES DISTRICT JUDGE